UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GEORGE AKRABA,

Petitioner,

v.

JULIO HERNANDEZ, et al.,

Respondent.

CASE NO. 2:26-cv-03625-BAT

**ORDER GRANTING HABEAS PETITION, DKT. 1**

On September 25, 2026, Petitioner filed a 28 U.S.C. § 2241 habeas petition alleging Respondents placed him into immigration detention and seek to remove him to a third country. Dkt. 1. Respondents filed a return contending (1) Petitioner was released on On October 21, 2026 and any request for release is moot, and (2) Petitioner is not entitled to injunctive relief barring third country removal because he is a class member of *D.V.D. v. U.S. Dep't of Homeland Sec*., 778 F. Supp. 3d 355, 378 (D. Mass. 2025), and the Supreme Court has stayed the lower courts' orders. Respondents further argue as the Supreme Court will decide whether Petitioner's rights as a *D.V.D.* member and which underly Petitioner's habeas request here, the Court should stay deciding Petitioner's petition.

The Court **GRANTS** the petition as follows.

After Petitioner filed his habeas petition, Respondents released him. While his release

moots the question of whether the Court should order release from detention, it does not moot Petitioner's contention Respondents should be ordered to provide meaningful notice and a hearing before a neutral decision maker before being redetained where Respondents would bear the burden to show he is a flight risk or a danger to the community, or that Respondents should be enjoined from third country removal absent certain protections. Here, Respondents do not address or contest Petitioner's claim he was unlawfully redetained. The Court accordingly grants Petitioner's request that Respondents provide notice and a hearing before redetaining him.

The Court also grants Petitioner's request for injunctive relief to shield him from removal to a third country absent protections he is entitled to under the law. The Court rejects Respondents' argument the Supreme Court's stay bars Petitioner from seeking the requested relief. The stay did not reverse the class protections. Also, Petitioner case is different and this Court adopts the rationale set forth in *Nguyen v. Scott*, 796 F. Supp. 3d 703, 729–32 (W.D. Wash. 2025) and *J.R. v. Bostock*, 796 F. Supp. 3d 684, 690 n.2 (W.D. Wash. 2025) in finding injunctive relief is available. Importantly, Petitioner seeks procedural protections that are not included in *D.V.D.* and thus the *D.V.D.* class does not cover his all of his requested relief and thus does not preclude his requests. For this reason, a stay of proceedings is also inappropriate and is denied.

While Respondents contend they have the authority to effect third country removals, they do not meaningfully contest Petitioner's requested procedural protections or present anything showing Petitioner's requests should not be granted. The Court accordingly finds, Petitioner's request for injunctive relief regarding third country removal should be granted.

For the foregoing reasons, the Court **ORDERS**:

1. Respondents shall not redetain Petitioner unless he is given written notice and a

predetention hearing before a neutral decisionmaker at which time the government shall bear the burden to prove Petitioner is a flight risk or a danger to the community by clear and convincing evidence.

2. Respondents shall return to Petitioner any personal property that they took from him when they redetained him earlier this year.

3.. Respondents are enjoined from removing Petitioner to any third country (except India) unless they provide him with a reasonable fear interview consistent with § 208.31 and provide him at least seven days' notice of such interview to allow him to prepare for it. Notice must be provided in Petitioner's native language. If Petitioner is found to have a reasonable fear of removal, then Respondents must move to reopen Petitioner's removal proceedings to allow Petitioner to present a full claim for relief under § 1231(b)(3) and FARRA. If Petitioner is not found to have such a fear, then Respondents must allow a further fifteen days for Petitioner to file a motion to reopen with the immigration court or Board of Immigration Appeals, as appropriate.

4. Petitioner may move for attorney fees and costs under, 28 U.S.C. § 2412 and if payment is to be made to counsel, establish fees and costs have been assigned to counsel.

DATED this 30th day of October, 2026.

BRIAN A. TSUCHIDA
United States Magistrate Judge